Bv the Court.
Campbell, J.
The bill was filed to redeem stock in a manufacturing company, and for an account of profits of the stock, and the defendant demurs.
It is said that a mortgage passes the title to the mortgagee, subject to be defeated on payment of the mortgage debt. And it is admitted, that in case of forfeiture by non-payment on the day, the mortgagor may come into a court of equity for the purpose of redeeming. But it is -insisted that in case of a pledge, though the possession passes to the pledgee, the title remains in the pledger, and in case of non-payment, the pledger must bring his action at law for the redemption of the article pledged; or rather for its return, or for compensation in damages. Admitting the transaction in this case, according to the ruling in Wilson v. Little, 2 Comstock 443, (S. C. 1 Sand. S. C. R. 351;) was a pledge and not a mortgage of the stock, yet though termed a pledge the legal title passed, and the same reason might exist, therefore, for coming into equity to redeem. In that case, and in that of Allen v. Dykers, 3 Hill 593, which were both actions at law,, the plaintiff did not seek a return of the stock, but compensation in damages. Here the • plaintiff asks for a re-transfer of the stock. In Kemp v. Westbrook, 1 Vesey Sen. 278, Lord Hardwicke says: “ I will not say in general that there is a right to come into equity in every case to redeem pledged goods, yet there are cases where it may be. As the pawnee of stock is not bound to bring a bill of foreclosure of the equity, of redemption of the stock, but may sell it, and notwithstanding the mortgagor may bring a bill here for an account of what is due, and to have a transfer to him.”
It would seem that in case of pledging stock, where the legal title passes, the remedy would be the same as upon mortgages. Indeed-, the distinction seems to be only in name in this respect, *79 though it may be considered as real, as was the case in Wilson v. Little, where the action was for the recovery of damages, and not for a re-transfer.
“ But if any' special ground is shown, as if an account or a discovery is wanted, or there has been an' assignment of the pledge, a bill will lie." (2 Story’s Equity, § 1032.)
Here an account is wanted, and the bill avers that the loan was made of the firm which was composed of the defendants; that the certificate of stock was first given to the defendant Hayward, for the security of the .firm; that the firm was subsequently dissolved, and Hayward transferred the certificate to the other defendant, Yandervoort, who has continued to receive the dividends.
It appears to us to be, therefore, a proper case for a bill in equity, and we think the plaintiff selected the right forum for the determination of the controversy.
The demurrer must be overruled.